This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 35,797**

**ERIC GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant pled guilty to attempted murder, aggravated assault with intent to commit a violent felony on a peace officer (two counts), and possession of a firearm

by a felon. On appeal, Defendant raises a double jeopardy challenge. *See generally State v. Nunez,* 2000-NMSC-013, ¶ 99, 129 N.M. 63, 2 P.3d 264 (holding that a defendant can assert a double jeopardy defense even when he has pled guilty to the challenged offense and has failed to reserve the issue in his plea). We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Because we remain unpersuaded, we affirm.

{2}     We will begin our discussion with the motion to amend, by which Defendant seeks to advance a unit of prosecution challenge to his two convictions for aggravated assault with intent to commit a violent felony on a peace officer. [MIO 9-12]

{3}     The convictions are premised on Defendant's act of firing multiple shots at two police officers through a closed door. [DS 2; MIO 11]. We have previously held that double jeopardy principles are not offended when a defendant is convicted for multiple counts of assault, based upon unitary conduct, threatening multiple victims with a firearm. *See State v. Roper*, 2001-NMCA-093, ¶ 12, 131 N.M. 189, 34 P.3d 133 (holding that double jeopardy principles are not offended when a defendant is convicted and sentenced for two counts of assault for pointing a gun at two persons at the same time). This is "consistent with the principle that our assault statutes are designed to protect distinct victims from mental harm caused by a single act." *State*

2

*v. Branch*, 2016-NMCA-071, ¶ 29, 387 P.3d 250. Insofar as Defendant's convictions correlate with separate victims, we perceive no double jeopardy violation.

**{4}** We gather that Defendant may implicitly invite the Court to depart from the foregoing authorities, on the theory that the effect on the victim is not the object of the statute prohibiting assault with intent to commit a violent felony on a peace officer. [MIO 11-12] To the extent this is Defendant's argument, we disagree with the premise. *See State v. Demongey*, 2008-NMCA-066, ¶ 22, 144 N.M. 333, 187 P.3d 679 (indicating that one of the legislative purposes behind the prohibition against assault with intent to commit a violent felony on a peace officer "is to protect victims from mental harm associated with putting a person in fear").

**{5}** In light of the foregoing considerations, we conclude that the issue Defendant seeks to advance is not viable. We therefore deny the motion to amend. *See generally State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that a motion to amend will be denied if the issue is not viable).

**{6}** We turn to the original issue, by which Defendant advanced a double-description challenge to his convictions for attempted murder and aggravated assault with intent to commit a violent felony on a peace officer. [DS 3] As we observed in the notice of proposed summary disposition, this Court considered and rejected this precise argument in the case of *Demongey*, 2008-NMCA-066, ¶¶ 17-23. In reliance upon *Demongey*, we proposed to summarily affirm.

**{7}** In his memorandum in opposition we understand Defendant to contend that *Demongey* should be overturned, in light of more recent developments. [MIO 6-7] Defendant contends that the theory of the case must be examined, rather than a strict comparison of the elements in the abstract. [MIO 6] Defendant further argues that insofar as both offenses required the State to prove intent to kill, double jeopardy principles are violated. [MIO 7]

**{8}** As described in *Demongey*, the elements of neither of the offenses at issue are subsumed within the other. "Attempted second degree murder requires proof of an overt act in furtherance of killing that tends to effect a killing," while "assault with intent to commit a violent felony on a peace officer requires proof that the victim was a peace officer lawfully engaged in his duties, as well as that the officer reasonably believed he was in danger of an immediate battery[.]" *Id.* ¶ 20. We continue to regard these as meaningful distinguishing features, regardless of the specifics of the State's theory of the case or the singular nature of Defendant's intent, principally because they correlate with distinct societal purposes. As we observed, the prohibition against attempted murder is directed at protecting a person's life and punishing the associated state of mind, while the prohibition against assault with intent to commit a violent felony on a peace officer is aimed at protecting peace officers specifically, and designed to protect victims from mental harm associated with putting them in fear. *Id.* ¶ 22. These distinct purposes are sufficient to support the inference of legislative

intent to punish the two offenses separately, notwithstanding the fact that the offenses may overlap in other relevant particulars. *Id.* ¶ 23; *see also State v. Urquizo*, 2012-NMCA-113, ¶¶ 12, 14, 288 P.3d 919 (observing that the various crimes set forth in Article 22 of the Criminal Code ("Interference with Law Enforcement") are aimed at protecting peace officers specifically, and designed to deter individuals from impeding the lawful activity of law enforcement, which entails protecting officers from physical harm and ensuring the integrity of the criminal justice system; and characterizing that specific purpose as the "single most compelling indicia of legislative intent" for double jeopardy purposes). We therefore remain unpersuaded that *Demongey* bears reexamination.

**{9}** Defendant further suggests that a double jeopardy violation should be inferred, by analogy to authority addressing felony murder and predicate felonies. [MIO 7-8] *See generally State v. Montoya*, 2013-NMSC-020, ¶ 11, 306 P.3d 426 (recognizing that cumulative punishment may not be imposed for both felony murder and its lesser included predicate felony). Similarly, we understand Defendant to contend that the result should be regarded as unsound insofar as multiple convictions would have been permissible had his acts resulted in the death. [MIO 8-9] *See id.* (observing that multiple homicide convictions may not be imposed on a defendant for a single death). However, our double jeopardy jurisprudence relative to felony murder and homicide is inapplicable, and we decline the apparent invitation to extrapolate from these

5

authorities under the circumstances presented in this case. Accordingly, we reject Defendant's double jeopardy challenge to his convictions for attempted murder and aggravated assault with intent to commit a violent felony on a peace officer.

{10} For the reasons stated above and in the notice of proposed summary disposition, we affirm.

{11} **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**